**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------x

ALLIANZ GLOBAL CORPORATE & SPECIALTY SE       23 Civ.
a/s/o Chem Trend Korea Ltd.,

                Plaintiff,

  -against-                                                                                           **VERIFIED**
                                                                                                **COMPLAINT**

KUEHNE + NAGEL, INC. d/b/a Blue Anchor America Line,

                Defendant.
------------------------------------------------------------------------------x

      Plaintiff, ALLIANZ GLOBAL CORPORATE & SPECIALTY SE a/s/o Chem Trend Korea Ltd., by its attorneys, Nicoletti Hornig & Sweeney, as and for its Complaint, alleges, upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

      1.    The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq.* (note), or, in the alternative, the Harter Act, 46 U.S.C. § 30701 *et seq.*, and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.    The following issues also concern breach of a maritime contract and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      3.    The following issues also concern the loss of or damage to goods while being carried by sea to a foreign port from a port of the United States of America and thereby come

within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Defendant has consented to jurisdiction in the State of New York by virtue of said Defendant or its agent's agreement to a contractual choice of forum clause that requires actions against it to be instituted in this Court.

5. Venue is proper in this District because said Defendant is subject to personal jurisdiction in this District with respect to this action.

6. Venue is also proper in this District because the subject contract of carriage or other applicable contracts mandate that all claims involving shipments to or from the United States be commenced in this Court.

**PARTIES**

7. At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and office and place of business stated in Schedule A, which is appended hereto and hereby incorporated by reference and made a part hereof.

8. Plaintiff is an insurance company.

9. Plaintiff insured the shipment(s) described in Schedule A.

10. Plaintiff named in Schedule A is the duly subrogated insurer of the shipper(s), consignee(s) and/or receiver(s) of the shipment(s) described in Schedule A, and/or a person with a proprietary interest in the shipment(s) described in Schedule A, and/or a person owning, holding or entitled to possession of the shipment(s) or the bill(s) of lading or waybill(s) described in Schedule A, and/or a person who is a "Merchant" as defined in the bill(s) of lading or waybill(s) described in Schedule A, and/or someone acting on behalf of any of the aforementioned persons (collectively referred to herein as the "Merchants") and brings this

action on their own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

11. At and during all the times hereinafter mentioned, Defendant had and now has the legal status and offices and place of business stated in Schedule A and was and now is engaged in business as a common carrier of goods by sea for hire and/or as an ocean transportation intermediary.

12. Defendant, at all relevant times, held itself out to be and acted as a common carrier and/or a non-vessel operating common carrier engaged in the carriage of goods to or from a port in the United States of America and/or as an ocean transportation intermediary.

## FACTUAL BACKGROUND

13. On or about the dates and at the Place(s) of Receipt and/or the Port(s) of Loading stated in Schedule A, there were tendered by the shipper(s) and delivered to the Defendant named in Schedule A, as common carrier or otherwise, the shipment(s) described in Schedule A, then being in good order and condition, and said Defendant then and there accepted said shipment(s) so tendered and delivered to said Defendant, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, said Defendant agreed to transport and carry said shipment(s) to the Port(s) of Discharge and/or the Place(s) of Delivery stated in Schedule A, and deliver said shipment(s), in like good order and condition as when delivered to and received by said Defendant, to the consignee(s) named in Schedule A.

14. The shipment(s) described in Schedule A were in good order and condition when delivered to Defendant named in Schedule A and when loaded on board the vessel named in Schedule A.

15. Defendant named in Schedule A, or its agent, issued a bill of lading or a waybill for each of the shipments described in Schedule A, some of the particulars of which are stated in Schedule A.

16. The bills of lading and waybills issued by or on behalf of Defendant named in Schedule A were clean bills of lading and waybills.

17. A contract of carriage or other contract existed between Defendant named in Schedule A and others in connection with the shipment(s) described in Schedule A that the Merchant, and Plaintiff named in Schedule A as their subrogees, are parties to, are third-party beneficiaries of or are otherwise entitled to enforce.

18. Such contract(s) of carriage or other applicable contracts concern the carriage of goods by sea to a foreign port from a port of the United States of America.

19. All obligations under the contract(s) of carriage or other applicable contracts to be performed on the part of the Merchants were performed, waived or otherwise excused.

20. Among other obligations and duties, Defendant named in Schedule A had an obligation and duty to deliver the shipment(s) described in Schedule A in good order and condition to the Port of Discharge and/or the Place of Delivery stated in Schedule A.

21. The shipment(s) described in Schedule A either were never delivered to the Port(s) of Discharge and/or the Place(s) of Delivery stated in Schedule A or were not delivered in good order and condition to said Port(s) of Discharge and/or Place(s) of Delivery, in violation of Defendant's obligations and duties as a common carrier of goods by sea for hire and/or as a non-vessel operating common carrier and/or as an ocean transportation intermediary, in breach of the contract(s) of carriage or other applicable contracts and/or in breach of Defendant's obligations and duties as a bailee for hire.

22. The Merchants suffered damages because the shipment(s) described in Schedule A either were not delivered or were not delivered in good order and condition.

23. The Merchant submitted a claim to Plaintiff named in Schedule A for the loss of and damage to the shipment(s) described in Schedule A.

24. Plaintiff named in Schedule A paid the claim(s) submitted to them for the loss of and damage to the shipment(s) described in Schedule A.

25. By virtue of their payment, Plaintiff named in Schedule A is equitably and/or contractually subrogated to the rights and claims of the Merchant.

26. Plaintiff named in Schedule A has, in some instances, received assignments of rights and claims of the Merchant in connection with, relating to, arising out of or as a result of the loss of and damage to said shipment.

27. By reason of the premises, the damages sustained, including any deductible, as nearly as the same can now be estimated, no part of which has been paid by Defendant although duly demanded, are in the total amount of at least USD $15,076.26 (KRW 19,662,535).

## AS AND FOR A FIRST CAUSE OF ACTION

28. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "27" of this Complaint with the same force and effect as if more fully set forth herein.

29. The bill(s) of lading, waybill(s), contract(s) of carriage and shipment(s) described in Schedule A, and other applicable contracts are subject to the provisions of COGSA.

30. The shipment(s) described in Schedule A was/were in good order and condition when delivered to Defendant and the vessel named in Schedule A.

31. The shipment(s) described in Schedule A either were never delivered to the Port(s) of Discharge and/or the Place(s) of Delivery stated in Schedule A or were not delivered in good order and condition to said Port(s) of Discharge and/or Place(s) of Delivery.

32. Under COGSA, Defendant named in Schedule A is liable for the loss of and damage to the shipment(s) described in Schedule A.

33. Plaintiff named in Schedule A is entitled to recover the damages, including any deductible, suffered because of the loss of and damage to the shipment(s) described in Schedule A.

## AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "33" of this Complaint with the same force and effect as if more fully set forth herein.

35. To the extent they are not subject to the provisions of COGSA, Defendant, the bill(s) of lading, waybill(s), contract(s) of carriage and shipment(s) described in Schedule A, and other applicable contracts are subject to the provisions of the Harter Act.

36. The shipment(s) described in Schedule A were in good order and condition when delivered to Defendant and the vessel named in Schedule A.

37. The shipment(s) described in Schedule A either were never delivered to the Port of Discharge and/or the Place of Delivery stated in Schedule A or were not delivered in good order and condition to said Port of Discharge and/or Place of Delivery.

38. To the extent they are not liable under COGSA, Defendant named in Schedule A is liable under the Harter Act for the loss of and damage to the shipment described in Schedule A.

39. Plaintiff named in Schedule A is entitled to recover the damages, including any deductible, suffered because of the loss of and damage to the shipment(s) described in Schedule A.

## AS AND FOR A THIRD CAUSE OF ACTION

40. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "39" of this Complaint with the same force and effect as if more fully set forth herein.

41. Defendant named in Schedule A breached the contract(s) of carriage or other applicable contracts either by failing to deliver the shipment(s) described in Schedule A to the Port of Discharge and/or the Place of Delivery stated in Schedule A or by failing to deliver said shipment(s) in good order and condition to said Port of Discharge and/or Place of Delivery.

42. Defendant otherwise breached the contract of carriage or other applicable contracts.

43. The Merchant suffered damages because of the breach of contract by Defendant.

44. Plaintiff named in Schedule A is entitled to recover the damages, including any deductible, suffered because of the breach of contract by Defendant named in Schedule A.

## AS AND FOR A FOURTH CAUSE OF ACTION

45. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "44" of this Complaint with the same force and effect as if more fully set forth herein.

46. The shipment(s) described in Schedule A were entrusted to the care, custody and control of Defendant named in Schedule A and/or persons for whom said Defendant is

vicariously liable for delivery to the Port(s) of Discharge and/or the Place(s) of Delivery stated in Schedule A.

47. The shipment(s) described in Schedule A were in good order and condition at the time they were entrusted to Defendant named in Schedule A and/or persons for whom said Defendant is vicariously liable.

48. The shipment(s) described in Schedule A were in the care, custody and control of Defendant named in Schedule A and/or persons for whom said Defendant is vicariously liable at the time said shipment(s) were lost or damaged.

49. Defendant named in Schedule A and/or persons for whom said Defendant is vicariously liable either failed to deliver the shipment(s) described in Schedule A to the Ports of Discharge and/or the Places of Delivery stated in Schedule A or failed to deliver said shipment(s) in good order and condition to said Ports of Discharge and/or Places of Delivery.

50. Defendant named in Schedule A and/or persons for whom said Defendant is vicariously liable failed to return the shipment(s) described in Schedule A in good order and condition.

51. The loss of or damage to the shipment(s) described in Schedule A was caused by or resulted from the acts or omissions of Defendant named in Schedule A and/or persons for whom said Defendant is vicariously liable.

52. The Merchants suffered damages because of the acts or omissions of Defendant and/or persons for whom said Defendant is vicariously liable.

53. Plaintiff named in Schedule A is entitled to recover the damages, including any deductible, suffered because of the loss of and damage to the shipment(s) described in Schedule A.

**WHEREFORE**, Plaintiff prays:

1. For judgment on the First, Second, Third and Fourth Causes of Action in favor of Plaintiff and against Defendant awarding Plaintiff damages in the sum of no less than $15,076.26, together with interest and costs and the disbursements of this action; and

2. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 7, 2023

                                          NICOLETTI HORNIG & SWEENEY
                                          *Attorneys for Plaintiff*

                                              */s/ Val Wamser*
                                         By: _____
                                         Val Wamser, Esq.
                                         Wall Street Plaza
                                         88 Pine Street, 7th Floor
                                         New York, New York 10005-1801
                                         Tel. No: (212) 220-3830
                                         E-mail: vwamser@nicolettihornig.com

## **VERIFICATION**

STATE OF NEW YORK    )
                                     : SS
COUNTY OF NEW YORK  )

VAL WAMSER, being duly sworn, deposes and says:

That he is an attorney admitted to practice before the Courts of this State and a member of the firm of NICOLETTI HORNIG & SWEENEY attorneys for Plaintiff herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true; that the reason this verification is made by your deponent instead of Plaintiff is because Plaintiff is not within the County of New York where your deponent's office is located.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

                                                                VAL WAMSER

Sworn to before me this 7th day of
June, 2023

_____
       Notary Public

## VERIFICATION

STATE OF NEW YORK    )
                                          : SS
COUNTY OF NEW YORK  )

VAL WAMSER, being duly sworn, deposes and says:

That he is an attorney admitted to practice before the Courts of this State and a member of the firm of NICOLETTI HORNIG & SWEENEY attorneys for Plaintiff herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true; that the reason this verification is made by your deponent instead of Plaintiff is because Plaintiff is not within the County of New York where your deponent's office is located.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

_____
VAL WAMSER

Sworn to before me this 7th day of
June, 2023

_____
Notary Public

VALERIE A CLUNE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CL4880479
Qualified in Queens County
My Commission Expires Dec. 15, 2026